CARL R. JOHNSON AND MILDRED M. JOHNSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE
Johnson v. Commissioner
Docket No. 8424-75.
United States Tax Court
T.C. Memo 1978-293; 1978 Tax Ct. Memo LEXIS 217; 37 T.C.M. (CCH) 1231; T.C.M. (RIA) 78293; July 31, 1978, Filed Carl R. Johnson, pro se. George Mac Vogelei, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined deficiencies in petitioners' Federal income taxes as follows: Petitioner
Taxable Year
Deficiency
Carl R. Johnson
1970
$ 798.29
Mildred M. Johnson
1970
231.12
Carl R. Johnson and
Mildred M. Johnson
1971
6,474.53
Carl R. Johnson
1972
1,536.15
Mildred M. Johnson
1972
696.16
The issue remaining in dispute relates to the petitioners' claim that they are entitled to deduct under section 174 as "legislatively authorized research and experimental business expenses" most, if not all, of their personal living expenses such as food, clothing, transportation and the like. [1]
*218 At the trial, Carl R. Johnson sought to explain the relationship of his personal expenditures to his purported research in the field of economics. In the absence of any other justification for the claimed deductions, the Court ruled that a decision would be entered for respondent under Rule 155. Petitioner subsequently filed a motion for a new trial, which was denied. FINDINGS OF FACT At the time of the filing of the petition herein, petitioners, husband and wife, resided in Atherton, California. Petitioners filed separate income tax returns for the taxable years 1970 and 1972. Petitioners filed a joint income tax return for the taxable year 1971. During the taxable years involved, Carl R. Johnson was engaged in the investment business of selling tax shelter annuity investments. Mildred M. Johnson was an employee of Ampex Corporation. She assisted her husband in the business of selling annuities. In addition to the foregoing, Carl R. Johnson claims to have been engaged in the study of economics with particular relation to the gross national product. He claims to have been on the verge of evolving a theory which would result in a new form of economics "which would *219 be a fantastic thing, both profitably for me and also for the country." These studies were not related to his trade or business of selling tax shelter annuity investments. For the taxable year 1970, the petitioners incurred total expenses amounting to $ 24,081.65. A portion of such expenses have been allowed by the respondent as statutory deductions. The remainder, not otherwise deductible under the statute, is claimed by Carl R. Johnson as research expenses in connection with his economic studies under section 174. For the taxable year 1971, petitioners claimed a total of $ 45,057.72 as allowable deductions under section 174. For the taxable year 1972, petitioners claimed a total of $ 28,843.24 as allowable deductions under section 174. The parties have stipulated or agreed with respect to the amount of expenditures included in the foregoing which are otherwise allowable either as a business expense or as statutory deductions. The remainder constituted normal living expenses for food, shelter, transportation and the like. OPINION In substance, the petitioners in this case claim the right to deduct normal personal living expenses as research and development expenses *220 under section 174 on account of the purported efforts by Carl R. Johnson to evolve a new economic or monetary concept, the nature of which he was unable to explain. Insofar as material herein, section 174 provides: SEC. 174. RESEARCH AND EXPERIMENTAL EXPENDITURES. (a) Treatment as Expenses.-- (1) In General.--A taxpayer may treat research or experimental expenditures which are paid or incurred by him during the taxable year in connection with his trade or business as expenses which are not chargeable to capital account. The expenditures so treated shall be allowed as a deduction. At the outset, it should be noted that the statute limits the deduction to research or experimental expenditures incurred by the taxpayer "in connection with his trade or business." By his own admission, Carl R. Johnson was in the trade or business of selling tax shelter annuities. The expenses are not claimed as having any relationship to that business. Rather, Mr. Johnson advanced the novel argument that he was also engaged in the study of economics with particular relation to the gross national product. His living expenses made up a part of the gross national product. His research relates *221 to the use of money so that everything he spent was a part of that research. We question whether petitioners are proceeding in good faith. However, giving them the benefit of the doubt, it is clear that nothing in the statute permits a taxpayer to deduct his personal living expenses as research and experimental expenses under section 174. Such expenses are incurred, not for the purpose of research and development, but to meet the personal needs of the taxpayer. Expenses for housing, food, clothing and the like are incurred by all taxpayers, regardless of their occupation. Except for certain specific statutory deductions, such expenses are not allowable either as research or otherwise. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩